998 F.2d 1017
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roberto C. PARRA, Defendant-Appellant.
 No. 91-3809.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 25, 1993.
Decided July 21, 1993.
 
 Before CUMMINGS, COFFEY, and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Roberto Parra pled guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), reserving his right to appeal the district court's denial of his motion to quash evidence seized in a routine traffic stop. On appeal, Parra argues that the arresting officer stopped him without reasonable suspicion or probable cause, and therefore that the state obtained the evidence against him in violation of the Fourth Amendment. We affirm.
 
 
 2
 On April 19, 1991, Parra and Jose Guzman were driving north on Interstate 55 in a brown Buick when they were spotted by Illinois State Trooper Jeff Gaither. Gaither began to follow them because he had seen the Buick passing other cars in the fast lane, and he thought it was speeding. After tailing the car for a few minutes, Gaither used his radar gun to clock the Buick travelling at 68 mile per hour. He also noticed something hanging from the rear view mirror, and after twice observing the car swerve across the fog line on the right hand side of the road, he decided to pull it over. Once the two cars were parked at the side of the road, Gaither approached the passenger side of the Buick and motioned for Parra to roll down the window, but the window was stuck. Gaither asked both men for identification. The driver had no license; he gave Gaither a ticket showing that his name was Jose Guzman. Parra, the passenger, had an Illinois identification card with his name on it, and pulled an insurance card out of the glove compartment after Gaither asked if the car was insured.
 
 
 3
 Gaither then asked Guzman to come back to the squad car with him. As Gaither ran computer checks on the Buick and its passengers, he asked Guzman where he was travelling from and to whom the car belonged. Guzman related in broken English that he and Parra had visited friends in Saint Louis, and that he was not sure who owned the car, but that he thought it belonged to Parra's cousin. Gaither told Guzman he was free to go, but then began to talk about Illinois' drug interdiction program and asked Guzman whether Gaither could search his car. Guzman said sure, but said Gaither should ask Parra as well because Parra's cousin owned the car. Gaither returned Guzman's identification cards and asked him to ask Parra to come back to the squad car. Parra did so, and Gaither explained to him that Guzman's story was strange, but that Parra was free to go. Gaither then began to talk to Parra about the drug interdiction program. Parra became very nervous and said there were no drugs in the car--but he gave Gaither permission to search the car. Gaither went straight for the passenger door with the stuck window. He saw that the panel was loose, pulled it out, shined his flashlight into the door cavity, saw white bricks inside, pushed a knife into one, found white powder, and arrested Guzman and Parra for possession of cocaine. The validity of Gaither's traffic stop and search are the only issues in this appeal, and we review a district court's denial of a motion to suppress for clear error. United States v. Benjamin, No. 92-2343, slip op. at 4 (7th Cir. June 9, 1993).
 
 
 4
 This case is factually and legally indistinguishable from United States v. Rivera, 906 F.2d 319 (7th Cir.1990). That case involved a traffic stop for erratic driving and an obstructed view where the officer told the defendant that he was "free to go," continued to discuss drug interdiction, received the defendant's permission to search the car, and found cocaine hidden under the back seat. We held that the search in Rivera did not violate the Fourth Amendment, and nothing about the present case dictates a different result. Under United States v. Trigg, 878 F.2d 1037, 1041 (7th Cir.1989), and United States v. Fiala, 929 F.2d 285, 288 (7th Cir.1991), a traffic stop is valid if the officer had reasonable suspicion to make the stop and if state or municipal law afforded a basis for the stop. Both prongs of this objective test are met in this case. Gaither observed the Buick going over the legal speed limit, giving him probable cause and a statutory basis to stop Guzman and Parra for speeding. 625 ILCS 5/11-601. Gaither also observed a strap hanging from the Buick's rear-view mirror, giving him probable cause and a statutory basis to stop Guzman and Parra for driving with an obstructed view. 625 ILCS 5/12-503. For these reasons, Gaither's stop of the Buick was objectively reasonable. Since our cases do not allow us to inquire whether this objective basis was a pretext for a warrantless search, the traffic stop here was valid under the Fourth Amendment. Rivera, 906 F.2d at 321. Finally, there is nothing clearly erroneous about the district court's decision that Guzman and Parra gave free and voluntary consent to the ensuing search of their car, and thus that search passes Fourth Amendment muster as well. Id. at 322-323. We decline Parra's invitation to depart from the objective analysis of traffic stops announced in Fiala and Trigg.